```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| SECURITIES AND EXCHNAGE ) | |
| COMMISSION, ) | |
|     Plaintiff, ) | |
| ) | |
|         v.  ) | Civ. No. 15-12350-MLW |
| ) | |
| INTERINVEST CORPORATION, ) | |
| INC., and HANS PETER BLACK, ) | |
|     Defendants. | |

MEMORANDUM AND ORDER

WOLF, D.J.                                      November 18, 2015

On June 16, 2015, the Securities and Exchange Commission ("SEC") filed a Complaint in this Court against Interinvest Corporation, Inc. and Hans Peter Black. The Complaint alleged that the defendants violated §§206(1) and (2) of the Investment Advisors Act of 1940, §10(b) of the Exchange Act of 1934 and Rule 10b-5, and §17(a) of the Securities Act of 1933.

The SEC specifically alleges that Black and Interinvest engaged in a fraudulent scheme to shift client funds into the penny stocks of companies on the boards of which Black sat. The SEC alleges that Black made misrepresentations and omissions concerning the character of the Canadian penny stock company investments, failed to disclose the fact that he sat on the board of the companies in which he was investing, ignored client instructions, and diverted the client's investments from safe funds into the risky penny stocks. Black allegedly did this in

spite of Interinvest's promise to clients of a "lowest possible risk" investment strategy. Black allegedly received millions of dollars from the companies for "consulting" services, using his position on the boards of these penny issuers to cause them to pay fees to Zurmont, a Canadian company that Black held. Interinvest was allegedly notified of Black's conflict of interest by its chief compliance officer and failed to take action against Black.

On the day that the Complaint was filed, the SEC also filed an emergency motion for a temporary restraining order. At a June 25, 2015 hearing, the court entered a preliminary injunction freezing the defendants' assets and prohibiting future violations of the relevant securities law. In another June 25, 2015 Order, Black and the SEC were directed to confer and report regarding a schedule for litigating this case.

On July 17, 2015, Black's attorney filed a motion to withdraw as counsel. On August 5, 2015, the court allowed the motion and ordered Black to, by August 19, 2015, retain new counsel or state that he will represent himself. It also ordered the parties to confer and report, by September 9, 2015, on the status of the case. Black failed to comply with either part of this Order.

On October 9, 2015, the court ordered SEC to move for a default against Interinvest and to respond by October 30, 2015, to the related Order concerning default judgment.

On October 9, 2015, the court also ordered that a scheduling conference be held on November 5, 2015. Counsel for the SEC sent a copy of this Order to Black and Interinvest by regular and electronic mail.

On October 13, 2015, the SEC filed a motion for default as to Interinvest.

On October 29, 2015, the SEC filed a motion responding to the October 9, 2015 Order. The SEC requested that the court enter a default against Interinvest, but to postpone the filing of a default judgment until the SEC obtains the necessary records from Interinvest in order to perform a full calculation of the appropriate amount of disgorgement. The SEC stated that it needs additional time to obtain records for client accounts held by various custodians, some of which are outside the United States.

On October 30, 2015, the SEC filed a status report and proposed schedule for the remainder of this case. See Docket No. 26. The SEC reported that it sent a copy of the October 9, 2015 Order scheduling the November 5, 2015 Conference to the defendants by regular and electronic mail. The SEC report states that Black conferred with the SEC and informed the SEC that he chose to represent himself. He also acknowledged receiving a copy of the October 9, 2015 Order concerning the November 5, 2015 Scheduling Conference.

3

At a November 5, 2015 hearing, the court allowed the SEC's motion for default concerning Interinvest. Black did not, as ordered, appear at the hearing. The court entered default against Black because of his failure to respond to the complaint and his willful repeated disobedience of the June 25, 2015, August 5, 2015, and October 9, 2015, Orders.

As the court explained, Federal Rule of Civil Procedure 16(f) states that "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)" if a party "fails to obey a scheduling or other pretrial order." Rule 37(b)(2) lists the sanctions for failure to comply with a court order. Repeated violations of court orders may justify the dismissal of a case. See, e.g., Mulero-Abreu v. Puerto Rico, 675 F.3d 88, 89 (1st Cir. 2012); Damiani v. Rhode Island Hospital, 704 F.2d 12, 16 (1st Cir. 1983). More specifically, dismissal may be justified when it amounts to "willful disobedience of the court's order" because "arrogat[ing] control" of the schedule should not be "condoned by a slap on the wrist." Damiani, at 16. The First Circuit has stated that it would be "folly" to "treat [] case management orders as polite suggestions rather than firm directives." Mulero-Abreu, at 89. "[E]ven though the sanction of dismissal is reserved for a limited number of cases, it must be available so the trial courts may punish and deter egregious

4

misconduct." Mulero-Abreu, at 94. "[T]here is nothing in [Rule 37(b)(2)] that states or suggests that the sanction of dismissal can be used only and after all the other sanctions have been considered or tried." Damiani, at 15. The court concluded that in view of Black's repeated, willful violations of its Orders, dismissal was permissible and most appropriate.

At the November 5, 2015 hearing, the SEC stated that it needed additional time to move for default judgment concerning Black, as well as Interinvest.

In view of the foregoing, it is hereby ORDERED that:

1.   Default shall be entered against Black.

2.   The Motion for Entry of Default as to Interinvest Corporation, Inc. by the SEC (Docket No. 24) is ALLOWED.

3.   Plaintiff shall, by March 11, 2016, respond to the attached Order concerning default judgment against Black.

<pre>                                    _____
                                    UNITED STATES DISTRICT JUDGE</pre>