UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br>     Plaintiff <br><br> v. <br><br> INTERINVEST CORPORATION, INC., and HANS PETER BLACK, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 15-12350-MLW <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                  December 23, 2016

Plaintiff Securities and Exchange Commission's (the "SEC") Motion for Entry of Default Judgment as to Defendants Interinvest Corporation, Inc., and Hans Peter Black is not opposed and, in any event, is meritorious. The motion is, therefore, being allowed.

The court is authorized to impose a civil penalty on Interinvest and Black. See 15 U.S.C. §§77t(d) (domestic securities violations); 78u(d)(3) (foreign securities violations); 80b-9(e) (investment advisor violations). The amount of the civil penalties must be determined by the three-tier framework set out in the relevant statutes. See id. The court has discretion to set the precise amount of the penalty within the statutory framework. See S.E.C. v. Sargent, 329 F.3d 34, 38 (1st Cir. 2003).

This case involves a "third tier" violation because it "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and resulted in a

"substantial loss" of $12,000,000 to investors. See 15 U.S.C. §§77t(d)(2)(C); 78u(d)(3)(B)(iii); 80b-9(e)(2)(C). The court may impose "for each such violation" a penalty up to "the greater of (i) $100,000 for a natural person or $500,000 for any other person, or (ii) the gross amount of pecuniary gain to such defendant."[1] See id. Where, as here, "a defendant has violated a number of securities laws in carrying out a single scheme," it is appropriate to impose a single penalty on each defendant. See S.E.C. v. Locke Capital Mgmt., Inc., 794 F. Supp. 2d 355, 370 (D.R.I. 2011).

In assessing the proper penalty, the court has considered the following factors: "(1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition." S.E.C. v. Haligiannis, 470 F. Supp. 2d 373, 386 (S.D.N.Y. 2007); see also S.E.C. v. Tropikgadget FZE., No. 15-CV-10543-ADB, 2016 WL 4582248, at *7 (D. Mass. Aug. 31, 2016) (considering similar factors).

---

[1] The maximum penalties in subsection (i) have been adjusted upward for inflation. See 17 C.F.R. 201.1001 & tbl. I. Because the court is setting the civil penalty based on the gross pecuniary gain, these adjustment are not relevant here.

2

The defendants breached their fiduciary duty to their clients by engaging in a prolonged, fraudulent scheme to channel investor's money into high-risk penny stock companies. This constitutes recurrent and egregious conduct. As a result, the defendants' clients incurred unrealized losses of $12,000,000. Moreover, because defendant Black was both the Chief Investment Officer of Interinvest and a board member of each of the penny stock companies, the defendants acted with a high degree scienter. Because the defendants defaulted, the court has no information about their current or future financial condition.

The foregoing facts weigh in favor of a significant penalty. The defendants' total pecuniary gain included $3,274,848 in management fees collected from clients and $1,929,538 in payments collected from the penny stock companies. See Declaration of John McCann (Docket No. 42) ¶12. After interest, the total amount of gain was $5,358,285. See id. ¶13, see also S.E.C. v. Koenig, 557 F.3d 736, 744 (7th Cir. 2009) (prejudgment interest on pecuniary gains may be considered for purposes of calculating civil penalty). Because there is no way to distinguish defendant Black's pecuniary gain from Interinvest's with respect to the management fees, the court is ordering each defendant to pay a civil penalty of $1,500,000. The court is ordering defendant Black to pay an additional $500,000 to reflect the additional profits he obtained,

in part, by fraudulently directing investors' money to the penny stock companies.

In view of the foregoing, it is here ordered that Plaintiff's Motion for Entry of Default Judgment is ALLOWED. Judgment shall enter ordering Interinvest to pay a civil penalty of $1,500,000 and ordering Black to pay a civil penalty of $2,000,000.

                                                                                     /s/ Charles P. Wolf
UNITED STATES DISTRICT JUDGE